UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                              Case No. 22-cv-340-LM-AJ

Charles Greenhalgh, Individually

**REPORT AND RECOMMENDATION**

Plaintiff, Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1/#5769[1]) alleging that the defendant has violated her federal constitutional rights. The complaint is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Also before the Court for a recommendation as to disposition are Mrs. Amatucci's motions for summary judgment, judgment as a matter of law, and a speedy trial. See Doc. Nos. 3/#5871, 4/#8036, 5/#8046, 6/#5871.

**Standard of Review**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C.

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the four-digit number she has given to her filings along with the docket number the Court has assigned to her filings.

§ 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Background

This action concerns Mrs. Amatucci's criminal prosecution, which arose from an August 2018 incident at the Town of Wolfeboro transfer station, which resulted in Mrs. Amatucci being charged with simple assault, and prosecuted in state court.  See State v. Amatucci, No. 464-2018-CR-01490 (N.H. Cir. Ct., 3d Cir., Dist. Div. – Ossipee ("Ossipee District Court")). Ossipee District Court Judge Charles Greenhalgh found Mrs. Amatucci guilty of simple assault after a November 2019 bench trial.  See id.

**Claims and Procedural History**

All of the claims in this action concern Judge Greenhalgh's actions during the November 2019 criminal proceedings against Mrs. Amatucci. Mrs. Amatucci claims that her state court conviction is void because it is based on fraud, and because Judge Greenhalgh lacked jurisdiction to hear the case or convict her.

Mrs. Amatucci has previously filed lawsuits in this Court naming Judge Greenhalgh as a defendant, alleging the same claims as those asserted here. In Amatucci v. Greenhalgh, No. 21-cv-238-JL (D.N.H.) ("Case 21-238"), the Court dismissed the case because Judge Greenhalgh was entitled to absolute judicial immunity in that matter.[2] See Case 21-238, Aug. 11, 2021 Order (ECF No. 12) (approving Aug. 2, 2021 R&R (ECF No. 10)). In Amatucci v. Town of Wolfeboro, No. 21-cv-1081-LM-AJ ("Case 21-1081"), the Court dismissed the action, including the claims against Judge Greenhalgh, on the basis that all of the claims asserted in the action were or could have been brought in Case

---

[2] In her complaint in this case, Mrs. Amatucci identifies Judge Greenhalgh as "Charles Greenhalgh, Individually," in an attempt to persuade the Court that he is not protected by judicial immunity. In Case 21-238, Judge Greenhalgh was performing judicial functions as a judge of the Ossipee District Court when he engaged in the conduct underlying Mrs. Amatucci's claims in this action and in Case 21-1081. Mrs. Amatucci's identification of Judge Greenhalgh as an "individual" in the caption of her complaint does not disentitle him to the protection of judicial immunity.

21-238, and were therefore barred by res judicata. See Case 21-1081, Mar. 28, 2022 Order (ECF. No. 9) (approving Feb. 28, 2022 R&R (ECF No. 7)).

As noted above, in this action, Mrs. Amatucci asserts claims against Judge Greenhalgh which she previously asserted in Case 21-238 and 21-1081, which have both been dismissed. Mrs. Amatucci did not appeal either case to the First Circuit. Further, the post-judgment motions she filed in each of those cases have been denied. See Case 21-238, Dec. 29, 2021 Order, Jan. 10, 2022 Order, Jan. 11, 2022 Order, Jan. 20, 2022 Orders, Feb. 25, 2022 Order, June 21, 2022 Order, July 8, 2022 Order (Doc. No. 32); Case 21-1081, Mar. 6, 2023 Order.

## Discussion

I. Claim Preclusion/Res Judicata

"Under the federal law of claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (citation omitted). "'The three elements of claim preclusion are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later

4

suits, and (3) sufficient identicality between the parties in the two actions.'" Id. (citation omitted).

Mrs. Amatucci's claims against Judge Greenhalgh in this case meet each element of res judicata, with respect to the parties, causes of action, and judgments in Cases 21-238 and 21-1081. She is thus barred from litigating any of the claims asserted in this case. Accordingly, the District Judge should dismiss the complaint (Doc. No. 1) in this case in its entirety.

II. Pending Motions

Mrs. Amatucci has filed four motions (Doc. Nos. 3-6) for summary judgment, judgment as a matter of law, and/or a speedy trial in this case. Because the claims upon which Mrs. Amatucci relief in her motion should be dismissed, the District Judge should deny those motions as nonmeritorious.

## Conclusion

For the foregoing reasons, the District Judge should dismiss this action in its entirety as barred by res judicata. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives

the right to appeal the district court's Order.  See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  <u>Id.</u>  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  <u>Id.</u> (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 8, 2023

cc: Josephine Amatucci, pro se