FILED USDC -NH
2023 AUG 17 PM 12:01

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Greenhalghn                                                          Case 22-cv-340-AJ


RESPONSE TO MAGISTRATE JOHNSTONE'S

REPORT AND RECOMMENDATION DATED AUGUST 8, 2023

and  A   MOTION FOR SUMMARY JUDGMENT

JUDGMENT AS A MATTER OF LAW

For   LACK OF PROBABLE CAUSE

IN  A MALICIOUS PROSECUTON


1.     It appears that when all else fails to dismiss a case,   in the continuing conduct the courts rely  on Res Judicata, basing Res Judicat on the judges   Fraudulent Misrepresentationa and Fraudulent Interpretation of the Plaintiff's meritorious facts and law.  There is no Res Judicata as the judges did not  address the violation of Due Process in the case when  Greenhalgh had the duty to allow my Motion to Dismiss,   where evidence submitted in the Motion to Dismiss proved  that the  Complaint filed by the Belnap Sheriff's Dept. accusing me of an Assault with Bodily Injury was PERJURY,  was Fraud,  was a Malicious Prosecution without PROBABLE CAUSE.

1

And that Greenhalgh not allowing the Motion to Dismiss, he was in fact violating my Civil Rights under violation of Due Process. And by violating my Civil Rights by not accepting my Motion to Dismiss, he lost Jurisdiction in the case and his judgments were not those of a judge but an individual where his judgments were VOID OF NO LEGAL FORCE. And as acting as an individual he had NO IMMUNITY under the law. Therefore when the judges did not address the violations of my Civil Rights in the case, not to be unlawfully seized, not to take away my liberty rights, WITHOUT PROBABLE CAUSE. As such there is NO RES JUDICATA OR COLLATERAL ESTOPPEL..

2. As stated in the cases of Tartar v. Metropoitan Sav. Loan Assoc. and in the case of Day v. Kerkortan, and in the case of Alishio v. Dept. of Social Services and Todaro v. Gardner, the Court ruled:

"There is no Res Judicata or Collateral Estoppel for issues DELIBERATELY LEFT OPEN" (No Res Judicata when A MOTION TO DISMISS is left open).

3. In the case of Stump v. Sparkman, the court stated"

"judges CANNOT INVOKE JUDICIAL IMMINUNITY for axts that violate the litigants CIVIL RIGHTS."

4. In the case of Pierson v. Holdridge and Cramer v. Ralways, and Umbehr v. Board of Wabaun, the Supreme Court stated:

"As we view it, the fraudulent concealment was FRAUD, pure and simple"

5. The United States Supreme Court stated in the case of Davis V. Weschier:

6. "Where rights secured by the Constitution are involved, there can be no ruling made by a judge that would abrogate them. If the Constitution and Laws of the United States are to be enforced, the court CANNOT accept as final the decision of the Courts."

7. Greenhalghn received the Belnap Sheriff's Dept. Complaint accusing me of RSA 631:2-A, (B) Simple Assault B1, on November 20, 2018, accusing me of causing an

ASSAULT WITH BODILY INJURY.  In response to the Complaint, the Plaintiff filed a Motion to Dismiss on December 21, 2018 proving to Greenhalgh, with exculpatory evidence, that the Complaint was a Malicious Prosecution as the alleged victim specifically mentioned to the Belnap Sheriff's Dept. that he had..... NO INJURY.  His statement was attached to the Motion to Dismiss.

8.      Therefore before Greenhalgn was evidence that the Compaint was WITHOUT PROBABLE CAUSE,   A violation of the Fourth Amendment of an unlawful seizure and violation of her liberty rights.

9.       And  under Due Process and Equal Protection of the Law,   Mr. Greenhalgh was required  to IMMEDIATELY dismiss this case, and by ignoring the Plaintiff's Constitutional rights against a vioaltion of the Fourth Amendment unlawful seizure, detention of her liberty rights,  Greenhalgh automatically lost jurisdiction and his judgments become Void of no Legal Froce, as he was not acting as a judge .

10.      Therefore in acting as an individual he lost all  IMMUNITY.

11.       There is no Res Judicata as the judges  made...... NO FINAL JUDGMENT....on the violation of  Due Process of the law,  A protection under the Constitution.
He stated Motion Denied on her Motion to Dismiss  in his response  April 22, 2019 to her  MOTION .

12.       That Greenhalgh  is accused of the violation of Due Process of the Law and Equal Protection.  A denial of her Constitutional Rights not to be Maliciously Prosecuted WITHOUT PROBABLE  CAUSE.

13.       No final judgment was made by the judges on the merits of the violation of her FEDERAL CONSTITUTIONAL CIVIL RIGHTS.

14.       Besides Greenhalgn did not address the fact that the Warrant that was issued

was issued under PERJURY, as there was no Assault with Bodily Injury.

15.     That this case is all about FRAUDLENT MISREPRESENTATION AND FRUAUDULENT INTERRETATION of the Plaintiff's facts and the law. Claims that were never raised by the judges therefore never addresed on the merits. No Res Judicata.

16.     No Res Judicata when the court analyzed the Plaintif'f's lawsuit under Josephine Amatucci v. JUDGE Greenhalgh and gave him immunity when the title of the case was Josephine Amatucci v. Charles Greenhalgh INDIVIDUALLY. No immunity.

17.     The Judges can never bar the Plaintiff from addressing her civil rights in court, as is her right under the First Amendment Right to redress her grievances, the Magistrate Johnstone is desperate, as she cannot find a way to dismiss this case so in desperation she is asking the Court bar her from addressing her grievances. And in doing so she is committing TYRANNY against the Federal Constitution, and violating the Code of Conduct for a judge, by attempting to restrain the Plaintiff from her First Amendment Right to redress her grievances.

18.     The Plaintiff is attaching a copy of the court hearing in this case. So you can see how Greenhalgh abused me an elderly person in her eighties. You will hear me begging him to respond to my Motion to Dismiss which proved that the offense I was originally being prosecuted for an for an Assault with Bodily Injury was a Malicious Prosecution where the Belnap Sheriff's Dept. knew that I did not commit BODILY INJURY, yet Rondeau ordered them to prosecute me anyway. By the way Judge Dean Rondeau a defendant in the dump case was TERMINATED and had to turn in his badge due to what he conspired with the Belnap Sheriff's Dept. in this case.

19.     Therefore there is no doubt that Greenhalgh had an evil purpose from the beginning to throw my claims off a bridge. He was going to convict me no matter what.

4

Even though a supervisor at the dump testified that Maloney WAS NEVER STANDING IN THE DOOR, which means I never pushed Maloney. And when I was asking Maloney to tell the court if he knew me, at the trial, as Maloney had made a statement to the Sheriff's Dept. that he only knew me from attending the dump over the years, when the truth was and the Judge knew this was a lie, the truth was Maloney was a next door neighbor of mine for years, and I had an active RESTRAINING ORDER ON HIS MOTHER, Pauline Maloney.  The Judge shouted to Maloney, and told him ........ DON'T ASWER THAT. You see the evidence is all there that Greenhalgh was never going to address my meritorious facts, when he refused to litigate my Motion to Dismiss which would have dismissed the case immediately and when he was telling Maloney not to tell the truth that Maloney knew me and knew me well,  Which would have proved that Maloney could not be trusted and that any evidence Maloney had against me was untrue as he was not trustworthy.

20.     This case must go before a jury ad it is ironic that a judge rules on another judge's actions, when there is a  CONFLICT OF INTEREST.

21.     "NO RES JUDICATA OR COLLATERAL ESTOPPEL FOR ISSUES DELIBERATELY LEFT OPEN"

22.     Now when the court listens to the tape that is attached, the court will see how Greenhalghn refused to address the evidence in my Motion to Dismiss. The exculpatory evidence that contrary to the Complaint filed by the Sheriff Dept. the alleged victim IN A WRITTEN STATEMENT, in the Motion to dismissstated there was NO INJURY.  This was filed immediately after the Plaintiff received a copy of the Complaint filed by the Sheriff's  office trying to prosecute her for causing BODILY INJURY.

23.     Under the case of Alexander v. Fujitsu Bus. the court stated the elements of fraud and deceit which are standard necessary to establish fraud on/upon the court

in the case of Hazel Atlas v. Hartford-Empire which the SUPREME COURT stated:

> "The fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court. In order to adequately plead a fraud on the court claim, a person must allege "a scheme by which the integrity of the judicial rocess had been fraudulently subverted. The relevant inquiry is notwhether the conduct "harmed the integrity of the judicial system, courts must balance the finality of judgments against the possibility that the judgment was obtained by FRAUD ON/UPON THE COURT."

The Complaint was a FRAUD the judge and the Belnap Sheriff's Dept et al all knew the Complaint was a fraud, and the Belnap Sheriff's Dept. was successful in having the judge rule on their fraud, when he refused to address the evidence in the Motion to Dismiss. It was a CONSPIRACY, between Greenhalgh and the Belnap Sheriff's Dept. et al.

24. No procedural rules by this Court will override the Plaintiff's violation of her civil rights, THE LAW OF THE LAND. That the Code of Ethics demands that this Court rule justly and efficiently the dispose of this case promply, to allow the Plaintiff her right, her right, under the Federal Constituiton to damages under 1983 for the vioaltion of her Constitutional rights for the unlawful Malicious Prosecution and for the violation of Due Process against Greenhalgh as an Individual and not in his official status.

25. That under Haring v. Prosise, 462 U.S. the Court stated that a FAVORABLE TERMINATION is not an issue:

> "A respondents conviction does not preclude him from seeking to recover damages under 42 U.S.C. 1983 for a violation of the Federal Constitution that was never considered in the proceedings".

26. Because of the conflict of interest when a judge rules on a judge this case must go before a jury of her peers for JUSTICE. And be disposed in a prompt manner as required under the Canons of Model Code.

Respectfully,

Josephine Amatucci

August 15, 2023

c.  Town, Belnap Sheriff's Dept.

*Josephine Amatucci*

5273

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Charles Greenhalgh                                    JURY TRIAL DEMANDED

JURISDICTION

   This new cause of action happened in New Hampshire.  The Complaint that is before the Court is under 42 U.S.C. 1983.

PARTIES

1.     Josephine Amatucci,  P. O. Box 272,  Wolfeboro Falls, NH 03896

2.     Mr. Charles I. Greenhalgh,  NH  Circuit  Court 3rd Circuit -District ,  96 Water Village Road, box 2, Ossipee, NH 03864.   Individually

RELEVANT FACTS

3.     This is an independent action for FRAUD UPON THE COURT,  in violation of Due Process,  in Abuse of  Process,  in a  Fourth Amendment unlawful seizure,  denial of her liberty rights,  in a  Personal Injury,  Legal Malpractice lawsuit,   aganst Charles Greenhalgh as a private person,  who ruled on a case when he had no jurisdiction to do so,  a case filed in the  3rd District Court in Ossipee under Case Number

1  9

464-2018-CR-01490, when he knowingly ignored the Plaintiff's Motion to Dismiss which proved that there was no victim, that there was no injury and therefore, Greenhalgn had no jurisdciton to hear and rule on the case.

4. That the plaintiff proved in her Motion to Dismiss that she filed immediately after the Belnap County Sheriff's Dept. filed a Complaint in the Court, way before any hearing was held by the Court, she stated to Greenhalghn that there was no victim, as the alleged victim specifically told the Belnap Sheriff's Dept. that there was NO INJURY, yet Sheriff Wright had a Warrant issued for her arrest and accused the Plaintiff of a crime he knew she never committed. That of a violation under 631:2-2-a(b) Recklessly causes bodily injury to another. When there was NO BODILY INJURY, as verified by the alleged victim of an Assault himself. Conduct of the Sheriff that constituted a Fourth Amendment unlawful seizure.

5. There was NO PROBABLE CAUSE for Sheriff Wright to issue a Warrant for her arrest, and for filing a Complaint in the 3rd Circuit Court, when he knew there was no BODILY INJURY.

6. Greenhalghn knew there was no case, as there was no victim, as there was no BODILY INJURY, and therefore he had NO JURISDICTION to hear the case, that there was no case, yet Greenhalgh ignored this evidence in her Motion to Dismiss and continued with a trial and worse still found the Plaintiff guilty of 631:12-a (b) Simple Assault, Recklessly causes bodily injury to another. When all the evidence before him and at trial showed that besides the fact that there was no BODILY INJURY, the witness Robert Maloney, the alleged victim, was not a credible witness, as at the trial his Supervisor Mr.Champaigne testified that although Maloney stated that he was standing in the doorway when the Plaintiff Josephine Amatucci

2 *a*

entered the office, and pushed him in the left shoulder, and he fell down 2 steps. Champaigne however testified that Maloney was NEVER STANDING IN THE DOORWAY. And besides at the trial Maloney stated that she pushed him in the left shoulder, however in the evidence before the Court, it shows that Maloney told Sheriff Wright that she pushed him in the right shoulder. Also in the evidence it can be shown that Sheriff Wright asked Maloney how he knew the Plaintiff and Maloney stated that he only knew Amatucci from her visiting the dump over the years, when the truth is Maloney lived next door to the Plaintiff for years, and besides, the Plaintiff had an active restraining order on Maloneys mother Pauline Maloney. He knew the Plaintiff well. He was not credible. And to offset how incredible Maloney's testimony was when the Plaintiff was interrogating Maloney on the stand, and asked Maloney to tell the court how he knew me, Greenhalgn immediately told Maloney, "DON'T ANSWER THAT". Showing his bias and corruption in his ruling in this case.

7. Besides convicting me of a crime Greenhalgn knew I never committed and knew there was no evidence beyond a reasonable doubt in the trial that the Plaintiff ever committed any crime, Greenhalgh went ahead and convicted her of committing bodily injury on Maloney, and advised the Department of Safety that the Plaintiff was found guilty of Simple Assault 631:2-a Simple Assault (b) of Recklessly causing bodily injury to another. Without any evidence that she committed this crime.

8. And advised the Department of Safety that a Warrant was issued. The recording of the trial will support all of these allegations of the plaintiff Josephine Amatucci, which she is in possessed of, and is in the Court record.

9. The problem is that Greenhalgh knew that the Warrant was unlawfully

3 a

issued under the pretense that there was bodily injury, when there was NO BODILY INJURY.

10. So that greenhalgh knew that the Belnap sheriff's Dept. committed an unlawful seizure of the Plaintiff when they had a Warrant Issued under FRAUD and filed a FRAUDULENT Complaint in the Court accusing the Plaintiff of a crime they knew she never committed, that of causing bodily injury to another.

11. That the Plaintiff immediately filed her Motion to dismiss as soon as the Belnap Sheriff filed the Complaint in the Court, so Greenhalgn knew way beyond a Arraingment was held that the Complaint was based on FRAUD.

12. That by Greenhalgn ignoring that there was no injury, that there was no victim, Greenhalgn violated his Oath of office, lost all jurisdiction to hold a trial, and thus he was acting as a private person and not as a judge. Which voided all of his rulings when he unlawfully held a trial and convicted the plaintiff of committing an Assault on the alleged victim, Robert Maloney.

13. As Mr. Greenhalgn knew the Sheriff had NO PROBABLE CAUSE to file to arrest and prosecute the Plaintiff, based on his Warrant and Complaint.

14. That in an abuse of process and a violation of due process, Greenhalghn clearly set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter.

15. That Greenhalgh knew there was NO ASSAULT, yet he had the Department of Safety to place in her Criminal History Record, that she was found guilty of the Offense of 631:2-A, 1 (B) Simple Assault B1 Recklessly causes bodily injuy to another.

16. That he knew the Arrest Warrant issued based on the crime of 631:2-A, 1(B) Simple Assault; B1 was fraudulently acquired as there was NO BODILY INJURY.

4

17. Yet with all this evidence that there was NO BODILY INJURY, and that the Belnap Sheriff's Department was violating the Plainbtiff's liberty rights under the Constitution when they filed the Complaint, when there was evidence of NO BODILY INJURY, Greenhalgh violated Due Process and without Probable Cause allowed the Complaint to move forward in the Court.

18. And in doing so Greenhalgh who lost all jurisdiction in allowing this Complaint to move forward without Jurisdiction he did so in violative of the Federal Constitution, he "came in conflict with the superior authority of the Constitution, and he is in that cae stripped of his official or representative character and is subjected ......IN HIS PERSON...to the consequences of his INDIVIDUAL CONDUCT. And there is no power to impart on him any IMMUNITY from responsibility to the Supreme authority of the United States.

19. That Greenhalgh and the Belnap Sheriff's Department are TRESPASSERS. Von Kettler v. Johnson, 57 Ill.109 (1870).

20. That due to the malicious abuse of process for an illigitimate purpose the Plaitiff suffered severe mental angusih, as she was unlawfully imprisoned, had her liberty taken away, and was unlawfully seized. In the unlawful denial of her civil rights.

21. Judges have no immunity for aiding, assisting or conniving with others (Belnap Sheriff) who perform FRAUDULENT ACTS. Judicial immunity does not exist for judges who engage in fraudulent acts. The Illinois Supreme Court held that "if a judge has no jurisdiction, then he and those who advise and act with him, or execute his process, are TRESPASSERS." Von Kettler v. Johnson, 57 I.. 109 (1870).

22. Under Federal law, the United states Supreme Court stated that if a

5 *Q*

court is "without authority" its judgments and orders are regarded as nullities. They are not avidable but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification, and all persons concerned in executing such judgment are considered, in law TRESPASSERS." Elliott v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). Whenver a judge acts where he/she is without JURISDICTION, he has engaged in an act or acts of TREASON. U.s.v. Will 449 U.S.200, 216, 101 s.C. 471, 66 L.Ed.2d 392, 406 (1980).

23. The Illinois Supreme Court held that if a court "could not hear the matter upon the juridictional paper presented, its finding that it had the power canadd nothing to its authority, it had NO AUTHORITY to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928). In Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. (1962) held that "not every action by a judge is an exercise of his judicial function...it it not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

24. There is NO IMMUNITY for Greenhalghn who was not in privity with any "PARTIES" when he conspired with the Belnap Sheriff's Dept. to commit "FRAUD UPON/ON THE COURT", which was directed to the judicial machinery itself.

25. That this lawsuit is not in privity with the "parties" that this action is about the personal acts of Greenhalgn where the impartial functions of the court were directly corrupted. There can be no immunity or no filing restriction, no statute of limitations under Fraud, for Greenhalgn who was acting as a private individual, not as a judge.

26. That Greenhalgn had the egregious Intent of prosecuting the Plaintiff.

## ABUSE OF PROCESS

27. In the case of Bone v. Barnard, 2008 Ark. App. LEXIS 569 (Ark. Ct. App. Sept. 10, 2008, the court stated that in order to prove the tort of abuse of process, the Appellant has to establish the following elements (1) a legal procedure set in motionin proper form, even with probable cause, and ultimate success; (2) the procedure is perverted to accomplish an ulterior purpose for which it was designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding. S. Ark. Petrol. Co. v. Schiesser, 343 Ark. 492, 36 S.W. 3d 317 (2001). This court has stated that the test of abuse of process is whether a judicial process is used to extort or coerce. Routh Wrecker Serv., Inc. v. Washington 335 Ark. 232, 980 S.W. 2d 240 (1998). An improper use of process in order to accomplish a purpose for which the process was not designed".

28. That this lawsuit is about the impartial functions of the court that were directly corrupted by Greenhalghn, which caused the Plaintiff INJURIES.

29. In this personal injury, legal malpractice case Greenhalghn must pay the Plaintiff monetary damages as he did not comply with the rules of conduct adopted by the court under which a judge has been admitted to practice. The Rule of Judicial Conduct.

30. That Greenhalgn was in complete absence of jurisdcition, there was no probable cause, no discretion, and absolute judicial immunaity is missing. Stump v. Sparkman 435 U.S. 349. That when he actly wrongly, although in good faith, is nevertheless liable in a civil acion and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133. He will be held liable for abuse of process when he

7 a

had no jurisdiction. Little v. U.S. Fidelity & Guaranty Co. 217 Miss. 576, 64 So. 2d 697. That a law repugnant to the Constitution is VOID. Marbury v. Marbury, 1 Cranch 137 (1803). FRAUD UPON/ON THE COURT does not support or uphold the judicial machinery of the Court. The Court is an unbiased, but methodical "creature" which is governed by the Rule of Law, that is the rule of Civil Procedure, the Rules of Criminal Procedure and the Rules of Evidence, all of which:

"is overseen by CONSTITUTIONAL LAW    "

31.     That every case which has Fraud involved can be re-opened at any time. Because fraud is never final, and there is no statute of limitations on fraud. A judge is not the Court, People v. Zajic, 88 Ill. App. 3d 477 N.E. 2d 626 (1980). When a judge knows he lacks jurisdcition, or acts in the face of clearly valid Constitutional rights, expressly depriving him of jurisdcition, judicial immunity is lost. Rankin v. Howard, Davis v. Burris 51 Ariz. 220, 75 P. 2d 689 (1938).

32.     That therefore this Court will allow her damages in the amount of one million dollars, for the INTENTIONAL EGREGIOUS acts of Greenhalgn, and to an 82 year old person. For the unlawful seizure, the denial of her liberty rights, a violation of Due Process, abuse of process. And a denial of her civil rights. of an unlawful arrest and incarceration.

33.     One million for the the long detention from when she was arrested and detained through the unlawful procedure by Greenhalgn in the Court.

34.     That Greenhalgn knew that the alleged victim's supervisor mentioned at the trial that the alleged victim was lying when he stated that he was "STANDING IN THE DOORWAY" when the Plaintiff pushed him aside and he fell down the stairs. That the supervisor Champaigne admitted that Robert maloney was

8

NEVER STANDING IN THE DOORWAY. Yet Greenhalghn convicted the Plaintiff of causing bodily injury to Robert malone when he was standing in the door way and she pushed him and he fell down 2 steps into the office.

35. That even though Greenhalghn knew Maloney was not a credible witnes, knew there was no evidence beyond a reasonable doubt that the Plaintiff was guilty of an Assault, Greenhalghn still convicted her of an Assault, and reported her crime to the Department of Safety.

36. That Maloney falsely stated at the trial that the Plaintiff pushed him on the right shoulder, when in the evidence submitted by the Belnap Sheriff's Dept. Maloney told Deputy Sheriff Wright, that she pushed him in the left shoulder. Also Maloney told Wright that he only knew the Plaintiff from her coming to the Dump over the years, when the truth was he lived next door to me for years, and worse still I had an active restraining order on his mother Pauline Maloney.

37. Yet with all this conflicting evidence from maloney, Greenhalgn in his evil bias agenda, still convicted the Plaintiff of an Assault, when there was no evidence beyond a reasonable doubt that she was guilty. When the witnes was contradicting every bit of evidence before the court.

38. That at one point when the Plaintiff was questioning Maloney, and asking Maloney to tell the Court how he knew me, Greenhalgn immediately interrupted and told Malone......"DON'T ANSWER THAT". Which proved that Greenhalgn had his own agenda and was never going to provide Justice to the ' Plaintiff.

39. That Greenhalgn is a theat to the welfare of the public and he will be forced to pay the Plaintiff one million dollars for his egregious willful intent

9 a

to harm her.

40.     That therefore for all the violations of her civil rights by Greenhalgh of an unlawful seizure, of abuse, of violation of Due Process, and because of the immense pain and suffering of an 80 year old person, the Plaintiff is suing Greenhalgn for ..........ONE MILLION DOLLARS.  For his severely aggrecious actions towards the plaintiff, that was shocking.

41.     The Plaintiff would like to add that she also has a claim for being unlawfully incarcerated by Greenhalgn during the process of the unlawful trial. A false imprisonment claim.  A further taking away of her Liberty rights by Greenhalghn.

Respectfully,

Josephine Amatucci

January 1, 2021 & AUGUST 15, 2023

*Josephine Amatucci*

10 a

EPHONE AMATUCCI
BOX 212
LFBORO FALLS, N.H. 03896




Retail

U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO FALLS
NH 03896
AUG 15, 2023
$2.07

03301

RDC 99

R2305H126437-72

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
OFFICE OF THE CLERK
55 PLEASANT ST.
ROOM 110
CONCORD, N.H. 03301