9033

RECEIVED - USDC -NH
2024 MAR 19 AM 10:02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Greenhalgh, INDIVIDUALLY              22-cv-340-LM

MOTION FOR EXPEDITIOUS RULING

SUPREME COURT DECISIONS ON VOID ORDERS:

NO OPPORTUNTIY TO BE HEARD.......Not a judicial determination of his rights, Sabariego v. Maverick, 124 US 261, 31 L Ed 430 8 S Ct. 461, and is not entitled to respect in any tribune ...

Earle v. McVeigh, Prather v. Loyd. A judgment may not be rendered in violation of constitutional protections...

case of Hanson v. Denckla, stating the limitations inherent in the requirements of DUE PROCESS and equal protection of the law extend to judicial as well as political branches     of government

30A Am Jur Judgements 44, 45 stating A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded.

1.     There is no dispute that defendant Greenhalgh denied the Plaintiff her right to a hearing on her Motion to Dismiss where evidence will prove that she was innocent of committing an Assault with Bodily Injury, as she

1

was being unlawfully prosecuted by the defendants, where she could prove that the defendants had a statement by the alleged victim of an Assault a Mr. Maloney, that he had no injury. See above as to the violation of the Supreme Courts decsions on VOID ORDERS.  VIOLATION OF DUE PROCESS, EQUAL PROTECTION.

2.     And that Greenhalgn MALICIOUSLY accused the Plaintiff of injury to Maloney, even though at the trial the witness of the event that occurred at the Dump, stated that Maloney was NEVER STANDING IN THE DOORWAY, which is where Maloney stated that the Plaintiff pushed him over to get inside the office at the dump, ......WHEN HE WAS sTANDING IN THE DOORWAY.

3.     That with all this evidence that the Plaintiff was NOT GUILTY, and when Greenhalghn refused to allow the Plaintiff a HEARING to defend herself, Greenhalghn lost jurisdiction and his rulings become VOID OF NO LEGAL FORCE. That Greenhalgh not only denied the Plaintiff a HEARING UNDER THE LAW, on her evidence, but he also denied the Plaintiff the right to confront Maloney, when she questioned Maloney, about his false statement to the Sheriffs stating that he only knew the Plaintiff from coming to the dump over the years when the truth was the Plaintiff had a RESTRAINING ORDER on his mother Pauline Maloney, and the truth was that the Maloney's were NEXT DOOR NEIGHBORS of the Plaintiff, issues that Greenhalghn was well aware of,  and thats why he told Maloney.......
"DON'T ANSWER THAT".   Showing that Greenhalgh had no intentions of allowing the Plaintiff EQUAL PROTECTION UNDER THE LAW,   see the above cases where the Supreme Court declares Greenhalgh's  judgments void judgments.

WHEREFORE:  The Plaintiff has a Fourth and Fourteenth Amendment claim against Greenhalgn for violation of DUE PROCESS, AND EQUAL RIGHTS, FOR TRESPASSING AGAINST FEDERAL LAW, for violating the Plaintiff's Civil Rights by detaining her, with a trial that should have been dismissed, by taking away her liberty rights by accusing her of a crime  HE KNEW she never

committed, by not allowing the Plaintiff her CONSTITUTIONAL                RIGHT to a HEARING to defend herself.   That this Court will send this case before a                jury of her peers without delay as is her right to expedite this case under the Sixth Amendment , before a jury of her peers for damages for the vioaltion of her civil rights .

Respectfully,

Josephine Amatucci

March 18,2024

*Josephine Amatucci*

# The Law of Void Judgments and Decisions
# Supreme Court Decisions on Void Orders

A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. **Earle v. McVeigh, 91 US 503, 23 L Ed 398.** See also Restatements, Judgments ' 4(b). **Prather vLoyd, 86 Idaho 45, 382 P2d 910.**

The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that a judgment may not be rendered in violation of those constitutional limitations and guarantees. **Hanson v Denckla, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228.**

A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. ... It is not entitled to enforcement ... All proceedings founded on the void judgment are themselves regarded as invalid. **30A Am Jur Judgments " 44, 45.**

It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. **Renaud v. Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194.**

Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. **Earle v McVeigh, 91 US 503, 23 L Ed 398.**

## No Opportunity to Be Heard

A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. **Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461**, and is not entitled to respect in any other tribunal.

"A void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include **Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; Ex parte Rowland (1882) 104 U.S. 604, 26 L.Ed. 861:**

"A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists." **People v. Greene, 71 Cal. 100 [16 Pac. 197, 5 Am. St. Rep. 448].** "If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (1Freeman on Judgments, 120c.) An illegal order is forever void.

FROM: Josephine Amatucci
P.O. Box 272
Wolfeboro Falls, N.H. 03896




Retail

U.S. POSTAGE PAID
FCM LG ENV
WOLFEBORO FALLS
NH 03896
MAR 18, 2024
$1.87

03301

RDC 99

R2305H130147-01

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301